Francisco López, Plaintiff and Appellee, *v.* Martín Andrades, Defendant and Appellant.

No. 6696. Argued May 28, 1934.—Decided July 26, 1934.

*Adrián Agosto* for appellant. *Salvador Suau* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Appellee requests the dismissal of the appeal in this case on the ground of lack of diligence in its prosecution and because it is frivolous. Before the hearing of appellee's motion appellant filed the transcript. The appeal was thus perfected. It is necessary then only to consider the merits of the appeal to determine whether or not it is frivolous.

The suit was begun by Francisco López against Martín Andrades to recover $1,414.61 plus interests and costs. In the verified complaint it is alleged, briefly, that the father and ancestor of defendant, Celestino Andrades, signed and delivered to plaintiff, for value received, duly accepted, the following draft:

"Santurce, P. R., May 10, 1929.—No. 158.—For $1,414.61.—A month from this date please pay to our order the sum of One Thousand Four Hundred and Fourteen Dollars and Sixty One Cents.—Value received which you will charge to, Santurce Lumber Yard, Francisco López and Son, by (sgd.) Andrés López.—To Celestino Andrades, Santurce, P. R.—(On the back) Acepted, (sgd.) Celestino Andrades."

It is further alleged in the complaint that the drawer Santurce Lumber Yard and Francisco López and Son constituted and constitute a business of one person and of the exclusive property of plaintiff who was and is the legitimate owner and holder of the obligation; that Celestino Andrades died on May 19, 1929 leaving a will; that when said will was registered in the protocol of a notary the debt of the ancestor to plaintiff was accepted as true, but fixed at $1,200 and that in the acts of partition of the estate of the deceased it was adjudicated to defendant for the payment of debts, among other properties, a lot valued at $5,500, defendant receiving as inheritance about $10,000, it being further alleged that neither defendant nor any other person in his name has paid the debt claimed.

Defendant answered that the draft referred to was accepted by Andrades simply with the object of aiding plaintiff to raise funds without involving any interest or price whatever, a receipt or document having been issued wherein it appeared that Andrades owed nothing; that the acknowledgment of the debt for $1,200 had nothing to do with the draft and that he owes nothing to the plaintiff. Defendant filed a cross complaint claiming $322.

The case went to trial. Both parties offered their evidence and the court rendered its judgment based on the pleadings and the evidence, sustaining the complaint and overruling the cross complaint. The court ended its statement of the case and opinion by saying:

"The question in our judgment is completely clear, and according to the evidence we have referred to in this concise statement of facts which we are compelled to made by law, we declare that the existence of the obligation or draft was proved, also its execution by the ancestor of defendant, its delivery and present possession by plaintiff, the personality of the latter, the demand for payment made and failure to pay, the admission by defendant in the record of judicial administration that he owed the sum, as well as that defendant Martín Andrades received in adjudication properties for the payment of debts; as the defenses alleged against the complaint have not been established, nor have the allegations of the cross complaint been proved, . . . ."

Appellant objects to the dismissal and amply states the grounds for the objection. He maintains that the action is based on a bill of exchange which in reality is not a bill of exchange according to the law and the authorities cited and that it can not be considered as a promissory note either. He further maintains that there is no connection between the draft and the debt acknowledged by the heirs, defendant having offered a receipt to show that the debt claimed did not in fact exist. Defendant and appellant believes that as this court must look into the merits of the case in order to pass upon all of said questions, the appeal can not be considered as frivolous and the motion to dismiss must be denied.

We have studied the record and having the conviction that the appeal can not be sustained, it seems reasonable to decide it definitely.

In our judgment the name given to the document transcribed in the complaint is not of great importance. The action was to recover money and the complaint contains, besides the document which speaks for itself, other allegations, and analyzing it as a whole it appears that the obligation sued for exists and has matured.

Furthermore the answer did not deny the execution of the document, but its simulation, and evidence was offered which was finally decided by the trial judge in favor of plaintiff and although the transcript of the evidence reveals that this is a doubtful case, once the conflict was decided by the court its decision will not be altered in the absence of passion, prejudice or partiality or that a manifest error was committed, which did not happen in this case.

Appellee's motion must be sustained and as a result the appeal dismissed as frivolous.